UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

SHARON WEINSTOCK, et al.,

                Plaintiffs,

vs.                                            Civ. No. 17-cv-23272-RNS

THE ISLAMIC REPUBLIC OF IRAN, et al.,

                Defendants.
_____/

## VERIFIED MOTION FOR CLERK'S ENTRY OF DEFAULT

Pursuant to Fed. R. Civ. P. 55(a) and Local Rule 7.1(a)(1)(D) Plaintiffs request that the Clerk of the Court enter default against Defendant, the Islamic Republic of Iran, and in support of this Motion state as follows:

1. Defendant Islamic Republic of Iran ("Iran") is a foreign state.

2. Foreign states are given 60 days from the date of service to file an answer or otherwise respond to a Complaint. 28 U.S.C. § 1608(d).

3. On May 18, 2018, the United States Department of State filed a certified copy of a diplomatic note establishing that the summons, complaint, notice of service, translations to Farsi of these documents, and a copy of the Foreign Sovereign Immunities Act, were all transmitted through diplomatic channels to the Iranian Foreign Minister on April 10, 2018, pursuant to 28 U.S.C. § 1608(a)(4). DE 22.

4. Under 28 U.S.C. § 1608(c)(1), service under 28 U.S.C. § 1608(a)(4) is deemed to have been made "as of the date of transmittal indicated in the certified copy of the diplomatic note." 28 U.S.C. § 1608(c)(1).

5. Accordingly, service upon Defendant Iran was effectuated on April 10, 2018. Thus, Iran was required to file an answer or otherwise respond to the Complaint within 60 days, i.e., no later than June 9, 2018. Because June 9, 2018 was a Saturday, Iran's deadline to answer or otherwise respond to the Complaint was June 11, 2018.

6. Defendant Iran has failed to enter any appearance in this case; has neither filed nor served upon plaintiffs or their counsel any pleading or other court paper, and the time within which Defendant was required to do so has expired.

7. Fed. R. Civ. P. 55(a) provides that: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

8. Defendant Iran has "failed to plead or otherwise defend" this action, and its time to do so has passed. Accordingly, the clerk should now enter Defendant Iran's default pursuant to Rule 55(a).[1]

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 12, 2018                    Plaintiffs, by their attorney,

                                    By:    /s/ Asher Perlin_____
                                           Asher Perlin, Esq.
                                           Florida Bar No. 0979112
                                           4600 Sheridan Street, Suite 303
                                           Hollywood, Florida 33021
                                           Tel. 954-284-0900 ext. 102
                                           Fax. 954-284-0747
                                           Email: asherperlin@gmail.com

---

[1] Following entry of default pursuant to Rule 55(a), plaintiffs will begin appropriate proceedings for default judgment, pursuant to Rule 55(b)(2) and 28 U.S.C. § 1608(e).