UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

SHARON WEINSTOCK, et al.,

                Plaintiffs,

vs.                             Civ. No. 17-cv-23202-RNS

MOUSA MOHAMMED ABU MARZOOK,

                Defendant.
_____/

## DECLARATION OF JEREMY STERN

Jeremy Stern, of Beit Shemesh, Israel, declares pursuant to 28 U.S.C. § 1746, as follows:

1.     I am a graduate of Princeton University and of the Law Faculty of the Hebrew University in Jerusalem. I am member of the Israeli Bar and a member of the New York State Bar, and I currently have my own law practice in Jerusalem. I am fluent in English and Hebrew and capable of translating accurately between those languages.

2.     I have no financial or other interest in this litigation.

3.     Counsel for the plaintiffs in the above-captioned action have asked me to address the legal capacity and authority under Israeli law of certain plaintiffs in this action to assert claims on behalf of the estates of the decedents, and on behalf of plaintiff Geula Bracha Weinstock.

4.     In Israel, matters relating to inheritance (testate and intestate), and the existence and administration of estates, are governed by the **Inheritance Law, 5725 - 1965** ("Inheritance Law").

1

5. Section 78 of the Inheritance Law empowers a court, or, where all interested parties agree, the Inheritance Registrar,[1] to appoint one or more administrators to act on behalf of an estate, and to manage and realize the affairs, assets, and rights of the estate.

6. On February 20, 2017, the Jerusalem Inheritance Registrar issued an Order, a copy of which is attached hereto as Exhibit 1, appointing Sharon Weinstock and Moshe Weinstock as the administrators of the Estate of the decedent Yitzchak Weinstock. The Order provides that: "The duties and authorities of the estate administrators are: to fully realize the litigation rights of the decedent's estate in the United States."

7. Likewise, also on February 20, 2017, the Jerusalem Inheritance Registrar issued an Order, a copy of which is attached hereto as Exhibit 2, appointing Sharon Weinstock and Moshe Weinstock as the administrators of the Estate of the decedent Dov Weinstock. This Order also provides that: "The duties and authorities of the estate administrators are: to fully realize the litigation rights of the decedent's estate in the United States."

8. Sharon Weinstock and Moshe Weinstock are therefore empowered under Israeli law to pursue the claims of the estates of Yitzchak Weinstock and Dov Weinstock in this case.

9. Section 121(b) of the Inheritance Law provides in relevant part that "if an estate administrator was not appointed, the estate shall be administered and divided by the heirs," and Section 122(b) of the Law provides in relevant part that "an action by one or more of the heirs requires the agreement of the others, or of a court, in advance or after the fact."

---

[1] The Inheritance Registrar is a judicial official in the Israeli Ministry of Justice empowered under the Inheritance Law to carry out virtually all judicial functions typically performed by a court in relation to inheritances and estates, in cases where there is no dispute among the interested parties (i.e. among all heirs or putative heirs). Disputed cases are always heard by a court, typically the Family Court.

10. In other words, Israeli law provides that in the absence of an estate administrator, the heirs themselves are empowered to administer the estate, and any individual heir is legally authorized to act on behalf of the estate, with the prior, or post hoc, agreement of the other heirs. This rule applies where, as here, an heir brings a lawsuit on behalf of an estate. As the Israeli Supreme Court has explained: "In light of the provision of Section 122(b) of the Inheritance Law, the plaintiff must show that he has obtained the agreement of all the other heirs." Civil Appeal 777/80 *Shreiber v. Stern*, P.D. 38(2), 143, at 153.

11. I have been informed by plaintiffs' counsel, and I have independently confirmed by searching the publicly available database of the Israeli Justice Ministry,[2] that no administrators were appointed for the estates of Simon Dolgin and Shirely Dolgin. Therefore, as explained above, pursuant to §§ 121-122 of the Inheritance Law, the heirs of Rabbi and Mrs. Dolgin are empowered to act on behalf of their estates, either jointly or by authorizing an individual heir to do so.

12. On December 26, 2004, the Jerusalem Inheritance Registrar issued an Order declaring valid a will executed by Simon Dolgin on August 29, 1994, a copy of which was appended to the Order. A copy of that Order (and appended will) is attached hereto as Exhibit 3. The Order states that Simon Dolgin passed away on April 19, 2004.

13. On May 9, 2007, the Jerusalem Inheritance Registrar issued an Order declaring valid a will executed by Shirely Dolgin on August 29, 1994, a copy of which was appended to the Order. A copy of that Order (and appended will) is attached hereto as Exhibit 4. The Order states that Shirley Dolgin passed away on December 9, 2006.

---

[2] Available here: https://inheritance.justice.gov.il/RashamYerusha/#/bakashot.

14. Articles 3-4 of Simon Dolgin's will provide that Shirley Dolgin shall inherit his entire estate in the event that he predeceases her. Since Simon Dolgin died on April 19, 2004 and Shirley Dolgin died on December 9, 2006, Shirley Dolgin was Simon Dolgin's sole heir.

15. Articles 3-4 of Shirley Dolgin's will provide that in the event that Simon Dolgin predeceases her (which in fact occurred) the following individuals shall inherit her estate:

   a. Saralee Glasser;
   b. Sharonbeth Weinstock;
   c. Michael Dolgin;
   d. Jess Dolgin;
   e. Gaylee Slomiansky;
   f. Amiella Slomiansky; and
   g. Netanel Slomiansky.

16. Thus, the heirs of the Estate of Shirley Dolgin are the individuals listed in the previous paragraph ("Dolgin Heirs"). And since Shirley Dolgin was the sole heir of the Estate of Simon Dolgin, the Dolgin Heirs are also the heirs of Simon Dolgin.[3]

17. For the reasons discussed above, under §§ 121-122 of the Inheritance Law, the Dolgin Heirs are empowered by Israeli law to act on behalf of the estates of Rabbi Simon and Mrs. Shirley Dolgin, either by acting jointly or by authorizing one or more heirs to act for the estates.

18. These provisions are clearly satisfied here. One of the Dolgin Heirs, Sharonbeth (Sharon) Weinstock, has brought the above-captioned case on behalf of the estates of Rabbi and Mrs. Dolgin, as stated in ¶ 8 of the Complaint. And all of the other Dolgin Heirs have provided declarations (which, I am informed, will be filed with the Court) confirming, pursuant to § 122 of the Inheritance Law, that Sharon Weinstock was and is authorized by them to file and prosecute

---

[3] The will identifies Gaylee, Amiella and Netanel Slomiansky as the children of the Dolgins' deceased daughter Marcia.

4

the above-captioned action on behalf of the Dolgins' estates, and to take all actions and decisions she sees fit in respect thereto.

19. Sharon Weinstock is therefore empowered under Israeli law to pursue the claims of the estates of Simon and Shirley Dolgin in this case.

20. In Israel, matters of guardianship and legal capacity are governed by the **Legal Capacity and Guardianship Law, 5722 - 1962** ("Legal Capacity Law").

21. Sections 33 and 33(a) of the Legal Capacity Law permit a court to appoint a legal guardian for an adult in certain circumstances. On February 20, 2009, the Jerusalem Family Court issued an Order, a copy of which is attached here to Exhibit 5, appointing Sharon Weinstock and Moshe Weinstock as the joint general legal guardians of both the person and the property of Geula Bracha Weinstock.

22. As general legal guardians over the property of Geula Bracha Weinstock, Sharon Weinstock and Moshe Weinstock are empowered by Israeli law to prosecute the claims of Geula Bracha Weinstock in this case. *See* Civil Appeal 5953/94 *Kossover v. Bar Shmuel*, April 6, 1995 (Nevo) (Israeli Supreme Court held that pursuant to the Legal Capacity Law, a guardian is authorized in his or her discretion to initiate litigation on behalf of a legal ward).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: October 3, 2018

_____
Jeremy Stern

# Exhibit 1



מדינת ישראל

בפני הרשם לענייני ירושה במחוז בירושלים

תיק מס' 4334
בקשה מס' 3

## צו למינוי מנהל עזבון

בעניין עזבון המנוח יצחק וינשטוק ז"ל, מס' ת.ז. ███████, שנפטר ביום 02/12/1993 ומענו היה אלון שבות.

לאחר עיון בבקשתה של הגב' שרון בתיה וינשטוק, שעניינה במתן הצו, יורשת על פי דין, אני מחליטה בזה למנות את :
שרון בתיה וינשטוק, ת.ז. ███████, ישוב אלון שבות 9043300
ואת משה וינשטוק, ת.ז. ███████, ישוב אלון שבות 9043300, למנהלי עזבון לעיזבונו של המנוח.

תוקפו של מינוי זה הוא עד ליום 20/02/2019.

תפקידיהם וסמכויותיהם של מנהלי העיזבון הם : למצות את זכויות התביעה של עיזבון המנוח בארה"ב.

על מנהלי העיזבון להמציא לאפוטרופוס הכללי , במועדים הקבועים לכך, פרטה של נכסי העיזבון ודו"חות  על פי חוק הירושה , התשכ"ה – 1965 , והתקנות שהותקנו על פיו.

צו זה ניתן היום, כ"ד בשבט תשע"ז  (20/02/2017)

בת-שבע אברך בר-טוב
רשמת לענייני ירושה בירושלים



# Exhibit 2



מדינת ישראל

בפני הרשם לענייני ירושה במחוז בירושלים

תיק מס'  16535
בקשה מס'  4

# צו למינוי מנהל עזבון

בעניין עזבון המנוח  דב וינשטוק ז"ל, מס' ת.ז.           שנפטר ביום 23/08/2007 ומענו היה אלון שבות.

לאחר עיון בבקשתה של הגב' שרון בתיה וינשטוק , שעניינה במתן הצו, זוכה עפ"י הצוואה, אני מחליטה בזה למנות את :
שרון בתיה וינשטוק, ת.ז.                , ישוב אלון שבות 9043300
ואת משה וינשטוק, ת.ז.                , ישוב אלון שבות 9043300, למנהלי עיזבון לעיזבונו של המנוח.

תוקפו של מינוי זה הוא עד ליום 20/02/2019.

תפקידיהם וסמכויותיהם של מנהלי העיזבון הם : למצות את זכויות התביעה של עיזבון המנוח בארה"ב.

על מנהלי העיזבון להמציא לאפוטרופוס הכללי , במועדים הקבועים לכך, פרטה של נכסי העיזבון ודו"חות  על פי חוק הירושה, התשכ"ה – 1965 , והתקנות שהותקנו על פיו.

צו זה ניתן היום, כ"ד בשבט תשע"ז  (20/02/2017)

בת-שבע אברך בר-טוב
רשמת לענייני ירושה בירושלים



# Exhibit 3



מדינת ישראל

בפני הרשם לענייני ירושה בירושלים

תיק מס׳   9605
בקשה מס׳  1

## צו קיום צוואה-מתוקן

בעניין עזבון המנוח אברהם ישעיהו דולגין הידוע גם כסיימון א. דולגין, ז״ל, מס׳ ת.ז. ███████ שנפטר ביום 19/04/2004 ומענו היה ירושלים.

אני מצהירה כי צוואתו של המנוח מיום 29/08/1994 שהעתק ממנה מצורף בזה, היא בת תוקף.

אלה הוראות הצוואה האמורה שהוספתי: בסעיף 3. לצוואה אחרי ״...לאשתי היקרה שירלי ג. דולגין (המכונה גם שולמית דולגין)...״ יבוא ״...לאשתי היקרה שירלי ג. דולגין (המכונה גם שולמית דולגין) ת.ז. ███████.״

לא מונה מנהל עיזבון.

צו מקורי ניתן ביום,י״ח בכסלו תשס״ה (01/12/2004)
צו זה ניתן היום י״ד בטבת תשס״ה (26/12/2004), מבטל את הצו מיום 01/12/2004 ובא במקומו.

(-)
_____
בת-שבע אברך בר-טוב
רשם לענייני ירושה בירושלים



ב"ה

## שטר צוואה

אני הח"מ הרב סיימון א. דולגין המכונה אברהם ישעיהו דולגין נושא ת.ז. מס' ▮▮▮▮ מרחוב ▮▮▮▮ ירושלים ישראל, בהיותי בריא בגופי ובנפשי, ומאחר ואין אדם יודע עת פקודתו, מצהיר ומביע את רצוני, בדעה צלולה ובנפש חפצה שברצוני לערוך שטר צוואה זה ולצוות בו על כל רכושי, לרבות נכסי דניידי ונכסי דלא ניידי, כספים, וזכויות אומר ומצווה כדלקמן:

1. (א) כל מיני צוואות, הוראות וכיוצא באלה שציוויתי עד היום בטלות בזה ומבוטלות.

   (ב) הנני שומר לעצמי את הזכות לבטל שטר צוואה זה אם ארצה בכך או להוסיף עליו או לשנותו ככל שליבי חפץ, אולם כל זמן שלא אבטל אשנה או אוסיף על שטר צוואה זה על פי שטר צוואה אחר חוקי ומחייב יעמוד שטר צוואה זה בתקפו כמפורט בו.

   (ג) הנני מביע את רצוני כי שטר צוואה זה יחול באופן היותר מועיל ואם איזה חלק או סעיף שטר צוואה זה ילקה בחסר או יימצא פסול, לא ישפיע הדבר על חלקים אחרים בשטר צוואה זה והם יישארו עומדים בתוקפם שרירים וקיימים.

2. הנני מצווה שהמוציאים לפועל של צוואתי זו כפי שימונו להלן, ישלמו את כל חובותי המוצדקים, והוצאות הלוויה וקבורה מוקדם ככל האפשר, לאחר אריכות ימי ושנותי. (אחוזות קבר והוצאות הלוויה עבורי ועבור רעייתי שולמו באמצעות חברת קדישא קהילת ירושלים).

3. הנני נותן, מוריש ומצווה לאשתי היקרה שירלי ג. דולגין (המכונה גם שולמית דולגין) באופן מוחלט את כל מה שיותר לי בכל צורה שהיא מרכושי, בין נכסי דניידי ובין נכסי דלא ניידי, בכל מקום שהוא.

4. אם אשתי שתחיה לא תהיה בין החיים בעת פטירתי או אם אשתי שתחיה ואני נלך לבית עולמנו באותה עת או בנסיבות כאלה שיהיה קשה לקבוע מי מאיתנו נפטר לעולמו קודם לכן, הרי שאני נותן, מוריש, ומצווה כדלקמן:

   (א) כל הזכויות בבית ברחוב ▮▮▮▮ ירושלים שהוא יחולק בין ארבעת ילדינו, שהיו מקור שמחה וגאווה בחיינו, שרהלה ה. גלסר, שרונבתי ויינשטוק, מייקל ג'ייקוב דולגין (המכונה גם משה דולגין), וג'יס ז. דולגין (המכונה גם יגאל זישא דולגין), ונכדינו גאילי, עמיאלה ונתנאל, ילדיה של בתנו האהובה והיקרה המנוחה מרשה סלומיאנסקי ז"ל בהתאם לחלקים המפורטים להלן:

   | | | |
   |---|---|---|
   | שרהלה ה. גלסר | - | 1/5 |
   | שרונבתי ויינשטוק | - | 1/5 |
   | מייקל ג'ייקוב דולגין | - | 1/5 |
   | ג'יס ז. דולגין | - | 1/5 |
   | גאילי סלומיאנסקי | - | 1/15 |
   | עמיאלה סלומיאנסקי | - | 1/15 |
   | נתנאל סלומיאנסק | - | 1/15 |

   (ב) כל שאר הרכוש והנכסים, נכסי דניידי ונכסי דלא ניידי, וכל רכוש או זכויות מכל סוג ומין שהוא בכל מקום שהוא אני מצווה מוריש ונותן כדלקמן:

   4/5 (ארבע חמישיות) בחלקים שווים לכל אחד מארבעת ילדינו, שהיו מקור שמחה וגאווה בחיינו שרהלה ה. גלסר, שרונבתי ויינשטוק, מייקל ג'ייקוב דולגין (המכונה גם משה דולגין) וג'יס ז. דולגין (המכונה גם יגאל זישא דולגין). את החלק החמישי השייך לבתנו האהובה והיקרה המנוחה מרשה סלומיאנסקי ז"ל אני מוריש נותן ומצווה לילדיה גאילי, עמיאלה, ונתנאל - בחלקים שווים.

   (ג) ברצוני להבהיר כי את כל תכניות החסכון שיש על שמי ו/או שם אשתי בבנקים יש לחלק באופן שווה בין יורשי הנזכרים





בסעיף 4 ב' כמפורט שם, למרות אם חלק מתכניות אלה רשומות על שמינו ועל שם חלק מיורשינו.

5. אני מצווה בזה שכל אחד מארבעת ילדינו היקרים שרלה ח. גלסר, שרונבתי ויינשטוק, מייקל גייקוב דולגין וג'יס ז. דולגין יתנו מתנה מתוך חלקם בירושה הנ"ל סכום של $ 2000 לכל ילד מילדיהם תוך ציון שהסכום ניתן במתנה מהסבא והסבתא שלהם.

6. בקשתי היא שכל חלק של הירושה שישאר לאחר פטירתו חי"ו של מי מילדינו, יעבור לילדיו שבחיים, בצורה של נאמנות עד להגיעם לגיל 23, אלא אם כן יוחלט אחרת ע"י המוציאים לפועל של צוואתי זו. אם לא יהיו ילדים כאמור יחזור חלקו של אותו ילד לעזבון.

7. למקרה ואשתי היקרה שירלי ג. דולגין המכונה גם שולמית דולגין תהא בחיים בעת פטירתי תהא אשתי המוציאה לפועל של צוואתי זו. למקרה שאשתי היקרה לא תהא חי"ו בין החיים בעת פטירתי הנני ממנה בזה את ילדינו שרהלה גלסר, שרונבתי וינשטוק, מייקל גייקוב דולגין וג'יס ז. דולגין כמוציאים לפועל של צוואתי זו. למקרה של מותו חי"ו של אחד מהמוציאים לפועל של צוואתי זו, הרי שבקשתי היא שהמוציאים לפועל הנותרים בחיים ימשיכו לפעול כמוציאים לפועל. אני מורה בזה כי המוציאים לפועל של צוואתי, על אף האמור בכל חוק, לא יידרשו ליתן כל בטוחה, התחייבות או תשלום כלשהו כדי להבטיח את ביצועם הנאות של חובותיהם. כמו"כ לא יהיו זכאים לשכר כלשהו בגין ביצוע תפקידם. אני מביע את רצוני שהמוציאים לפועל יפעלו תמיד בעצה אחת ובהסכמה מליאה, אולם בכל מקרה של חלוקי דעות חי"ו יתקבלו החלטות ברוב דעות. היו הדעות שקולות או לא באו לכלל הכרעה, יובא הנושא להכרעתו של עו"ד דרור שמחיוף ובמקרה שעו"ד שמחיוף לא ירצה או לא יוכל להחליט בעניין יובא הנושא להכרעתו של מי שיהיה באותה עת הרב הראשי האשכנזי של ירושלים או מי שהוא ימנה.

8. אני נותן בזה למוציאים לפועל של צוואתי זו את מלוא הסמכויות למכור, למשכן, לשנות, לבטל או להוציא לפועל כל הסכמים, שטרי חוב, שכירויות, המחאות, או כל העברה של כל רכוש, בין נכסי דניידי ובין נכסי דלא ניידי, מכל סוג שהוא, ובכל מקום שהוא, בין במכירה פומבית או במכירה פרטית, ובהתאם לתנאים לפי שקול דעתם הבלעדי של המוציאים לפועל של צוואתי זו.

9. אני מקווה ומבקש שילדי ישמרו דרכי התורה בחייהם, וביחוד ישמרו את דרך הצדקה וישתדלו לתת מעשר מהכנסותיהם לצדקה.

10. את כל האמור בצוואתי זו כתבתי וציוויתי מתוך רצוני הטוב והחפשי בדעה צלולה ומיושבת וללא כל לחץ או כפיה שהם.

11. כל האמור לעיל נערך ונחתם בפניהם של:
(א) עו"ד דרור שמחיוף.
(ב) עו"ד נתן במברגר.

עדים כשרים לכל דבר, והם גם קנו מידי בקנין גמור אגב סודר כדת וכדין.

ולראיה אני בא על החתום היום _____.

_____
הרב סימון א. דולגין

אנו הח"מ דרור שמחיוף עו"ד, ונתן במברגר עו"ד, בהיותנו בגירים מאשרים כי קנינו מהרב סימון א. דולגין המכונה אברהם ישעיהו דולגין נושא ת.ז. מס' ▓▓▓▓ מרחוב ▓▓▓▓ ירושלים, בקנין גמור אגב סודר לטובת כל אחד ואחד מהנהנים הנזכרים בצוואה הנ"ל בהתאם להוראות המצווה בצוואתו.
אנו מאשרים כמו כן כי אין לנו שום יחס של קרבה משפחתית אל המצווה ושאין לנו שום טובת הנאה איזו שהיא מעזבון המצווה שחתם על צוואתו בנוכחותנו, שנינו יחד, בדעה צלולה ומיושבת, מתוך רצונו הטוב והחפשי וללא כל לחץ או כפיה אלו שהם מצד מי שהוא.

ולראיה אנו באים על החתום בנוכחות המצווה ביום _____

_____    _____
דרור שמחיוף, עו"ד          נתן במברגר, עו"ד

2/דולגין




# Exhibit 4

Case 1:17-cv-23202-RNS  Document 42-1  Entered on FLSD Docket 10/03/2018  Page 14 of 19



מדינת ישראל

בפני הרשם לעניני ירושה בירושלים

תיק מס׳ 14902
בקשה מס׳ 1

# צו קיום צוואה

בעניין עיזבון המנוחה שולמית (שירלי) דולגין הידועה גם כשולמית דולגין, ז״ל, מס׳ ת.ז. ▮▮▮▮ שנפטר ביום 09/12/2006 ומענו היה ירושלים.

אני מצהירה כי צוואתו של המנוח מיום 29/08/1994 שהעתק ממנה מצורף בזה, היא בת תוקף.

הזוכה בן הזוג של המנוחה, אברהם ישעיהו דולגין ז״ל נפטר לפניה.

לא מונה מנהל עיזבון.

צו זה ניתן היום, כ״א באייר תשס״ז (09/05/2007)

( - )

בת-שבע אברך בר-טוב
רשם לעניני ירושה בירושלים



בס"ד

## שטר צוואה

אני הח"מ שרלי ג. דולגין (המכונה גם שולמית דולגין) נושאת ת.ז. מס' ███████ ירושלים ישראל, בהיותי בריאה בגוף ובנפש, ואין אדם יודע את פקודתו, מצהירה ומביעה את רצוני, בדעה צלולה ובנפש חפצה שברצוני לערוך שטר צוואה זה ולצוות בו על כל רכושי, לרבות נכסי דניידי ונכסי דלא ניידי, כספים, וזכויות אומר ומצווה כדלקמן:

1. (א) כל מיני צוואות, הוראות וכיוצא באלה שציוויתי עד היום בטלות בזה ומבוטלות.

   (ב) הנני שומרת לעצמי את הזכות לבטל שטר צוואה זה אם ארצה בכך או להוסיף עליו או לשנותו ככל שליבי חפץ, אולם כל זמן שלא אבטל אשנה או אוסיף על שטר צוואה זה על פי שטר צוואה אחר חוקי ומחייב יעמוד שטר צוואה זה בתקפו כמפורט בו.

   (ג) הנני מביעה את רצוני כי שטר צוואה זה יחול באופן היותר מועיל ואם איזה חלק או סעיף. שטר צוואה זה ילקה בחסר או ימצא פסול, לא ישפיע הדבר על חלקים אחרים בשטר צוואה זה והם יישארו עומדים בתוקפם שרירים וקיימים.

2. הנני מצווה שהמוצאים לפועל של צוואתי זו כפי שימונו להלן, ישלמו את כל חובותי המוצדקים, והוצאות הלוויה וקבורה מוקדם ככל האפשר, לאחר אריכות ימי ושנותי. (אחוזות קבר והוצאות הלוויה עבורי ועבור* בעלי שולמו באמצעות חברת קדישא קהילת ירושלים).

3. הנני נותנת, מוריישה ומצווה לבעלי היקר הרב סיימון א. דולגין המכונה אברהם ישעיהו דולגין באופן מוחלט את כל מה שיוותר לי בכל צורה שהיא מרכושי, בין נכסי דניידי ובין נכסי דלא ניידי, בכל מקום שהוא.

4. אם בעלי שיחיה לא יהיה בין החיים בעת פטירתי או אם בעלי שיחיה ואני נלך לבית עולמנו באותה עת או בנסיבות כאלה שיהיה קשה לקבוע מי מאיתנו נפטר לעולמו קודם לכן, הרי שאני נותנת, מורישה, ומצווה כדלקמן:

   (א) כל הזכויות בבית ברחוב ███████ ירושלים מכל סוג ומין שהוא יחולקו בין ארבעת ילדינו, שהיו מקור שמחה וגאווה בחיינו, שרהלה ה. גלסר, שרונבתי ויינשטוק, מייקל גייקוב דולגין (המכונה גם משה דולגין), וגיס ז. דולגין (המכונה גם יגאל זישא דולגין), ונכדינו גאילי, עמיאלה ונתנאל, ילדיה של בתנו האהובה והיקרה המנוחה מרשה סלומיאנסקי ז"ל בהתאם לחלקים המפורטים להלן:

   שרהלה ה. גלסר - 1/5
   שרונבתי ויינשטוק - 1/5
   מייקל גייקוב דולגין - 1/5
   גיס ז. דולגין - 1/5
   גאילי סלומיאנסקי - 1/15
   עמיאלה סלומיאנסקי - 1/15
   נתנאל סלומיאנסק - 1/15

   (ב) כל שאר הרכוש והנכסים, נכסי דניידי ונכסי דלא ניידי, וכל רכוש או זכויות מכל סוג ומין שהוא בכל מקום שהוא אני מצווה מורישה ונותנת כדלקמן:
   4/5 (ארבע חמישיות) בחלקים שווים לכל אחד מארבעת ילדינו, שהיו מקור שמחה וגאווה בחיינו שרהלה ה. גלסר, שרונבתי ויינשטוק, מייקל גייקוב דולגין (המכונה גם משה דולגין) וגיס ז. דולגין (המכונה גם יגאל זישא דולגין). את החלק החמישי השייך לבתנו האהובה והיקרה המנוחה מרשה סלומיאנסקי ז"ל אני מורישה נותנת ומצווה לילדיה גאילי, עמיאלה, ונתנאל - בחלקים שווים.

   (ג) ברצוני להבהיר כי את כל תכניות החסכון שיש על שמי ו/או שם בעלי בבנקים יש לחלק באופן שווה בין יורשי תנזכרים

- 2 -

5. אני מצווה בזה שכל אחד מארבעת ילדינו היקרים שרהלה ח. גלסר שרונבתי וינשטוק, מייקל גייקוב דולגין וגיס ז. דולגין יתנו מתנה מתוך חלקם בירושה הנ"ל סכום של $ 2000 לכל ילד מילדיהם בסעיף 4 ב' כמפורט שם, למרות אם חלק מתכניות אלה רשומות על שמינו ועל שם חלק מיורשינו.

6. תוך ציון שהסכום ניתן במתנה מהסבא והסבתא שלהם. בקשתי היא שכל חלק של הירושה שיישאר לאחר פטירתו ח"י של מי מילדינו, יעבור לילדיו שבחיים, בצורה של נאמנות עד להגיעם לגיל 23, אלא אם כן יוחלט אחרת חלקו של אותו ילד לעזבון.

7. אם לא יהיו ילדים כאמור יחזור חלקם של אברהם ישעיהו למקרה ובעלי היקר הרב סימון א. דולגין המכונה גם אברהם ישעיהו דולגין יהא בחיים בעת פטירתי יהא בעלי המוציא לפועל של צוואתי זו. למקרה שבעלי היקר לא יהא ח"י בין החיים בעת פטירתי הנני ממנה בזה את ילדינו שרהלה גלסר, שרונבתי וינשטוק, מייקל גייקוב דולגין וגיס ז. דולגין כמוציאים לפועל של צוואתי זו. הרי למקרה של מותו ח"י של אחד מהמוציאים לפועל של צוואתי זו, ימשיכו לפעול שבקשתי היא שהמוציאים לפועל הנותרים בחיים כמוציאים לפועל. אני מורה בזה כי יידרשו ליתן כל בטוחה, התחייבות או אף האמור בכל חוק, לא ייצוע הנאות של חובותיהם. כמו"כ תשלום כלשהו כדי להבטיח את ביצוע הנאות של חובותיהם. אני מביעה את לא יהיו זכאים לשכר כלשהו בגין ביצוע תפקידם. רצוני שהמוציאים לפועל יפעלו תמיד בעצה אחת ובהסכמה מליאה. אולם בכל מקרה של חלוקי דעות חיו יתקבלו החלטות ברוב דעות. היו הדעות שקולות או לא באו לכלל הכרעה, יובא הנושא להכרעתו של עו"ד דרור שמחיוף ובמקרה שעו"ד שמחיוף לא ירצה או לא יוכל להחליט בעניין יובא הנושא להכרעתו של מי שיהיה באותה עת הרב הראשי האשכנזי של ירושלים או מי שהוא ימנה.

8. אני נותנת בזה למוציאים לפועל של צוואתי זו את מלוא הסמכויות למכור, למשכן, לשנות, לבטל או להוציא לפועל כל הסכמים, שטרי חוב, שכירויות, המחאות, או כל העברה של כל רכוש, בין נכסי דניידי ובין נכסי דלא ניידי, מכל סוג שהוא, ובכל מקום שהוא, בין במכירה פומבית או במכירה פרטית, ובהתאם לתנאים לפי שקול דעתם הבלעדי של המוציאים לפועל של צוואתי זו.

9. אני מקווה ומבקשת שילדי ישמרו דרכי התורה בחייהם וביחוד ישמרו את דרך הצדקה וישתדלו לתת מעשר מהכנסותיהם לצדקה.

10. את כל האמור בצוואתי זו כתבתי וציוותי מתוך רצוני הטוב והחפשי בדעה צלולה ומיושבת וללא כל לחץ או כפיה שהם.

11. כל האמור לעיל נערך ונחתם בפניהם של:
    (א) עו"ד דרור שמחיוף.
    (ב) עו"ד נתן במברגר.
    עדים כשרים לכל דבר, והם גם קנו מידי בקנין גמור אגב סודר כדת וכדין.

ולראיה אני בא על החתום היום _____ August 2.9 - 1994

_____
שרלי ג./דולגין

אנו הח"מ דרור שמחיוף, עו"ד, ונתן במברגר עו"ד, בהיותנו בגירים מאשרים כי קנינו מהגב' שרלי ג. דולגין המכונה גם שולמית דולגין נושאת ת.ז. מס' ████████ לטובת כל אחד ואחד מה████ ירושלים, בקנין גמור אגב סודר, בהתאם להוראות והמצווה בצוואתו. הנזכרים בצוואה הנ"ל בהתאם להוראות והמצווה בצוואתו. אנו מאשרים כמו כן כי אין לנו שום יחס של קרבה משפחתית אל המצווה ושאין לנו שום טובת הנאה איזו שהיא מעזבון המצווה שחתם על צוואתו בנוכחותנו, שניהו יחד, בדעה צלולה ומיושבת, מתוך רצונו הטוב והחפשי וללא כל לחץ או כפיה אלו שהם מצד מי שהוא.

ולראיה אנו באים על החתום בנוכחות המצווה ביום ██/██/██

_____          _____
דרור שמחיוף, עו"ד         נתן במברגר, עו"ד

ד/דולגין-2/2

# Exhibit 5

בית משפט לענייני משפחה ירושלים
וינשטוק בעניין הביעה לפי חוק כש
תמש 08/17840
ת. פתיחה: 08/07/29   סדר דין: רגיל

בית משפט לענייני משפחה
ירושלים

## צו מינוי אפוטרופוס לפי חוק הכשרות המשפטית והאפוטרופסות, התשכ"ב–1962 (להלן החוק)

בפני כבי השופט/ת _____ מיכל _____

בעניין החסוי/ה: _____ עינת חנה ויינשטוק _____
שם מלא                    שם האב

המבקש/ת: _____ שירין אסתר וינשטוק _____
שם מלא              קרבה לחסוי

שמעני/ה למסירת כתבי בי-דין הוא _____ רח' בן ספרא 9 בר ישי ירושלים _____

לאחר שעיינתי בבקשה ובצירופיה ושמעתי את _____ יפים סת ומצא יו' (וואה) _____

אני ממנה בזאת את _____ שירין ויינשטוק _____
שם מלא        ת.ז.
ביחד ולחוד

ואת _____ נטע ויינשטוק _____

אפוטרופסים על החסויה _____ עינת חנה ויינשטוק _____
שם החסוי              ת.ז.

_____ 90433 _____

מינוי זה הוא כללי/מוגבל כדלקמן: _____ כללי _____

הוראות מיוחדות: _____
העתק לב"כ הצדדים
וכן לחוקרת סעד/פקיד סעד

על האפוטרופוס לפעול בהתאם להוראות החוק והתקנות לפיו, ולהגיש למשרד האפוטרופוס הכללי שפועל ליד בית משפט זה פרטה ודוחות לפי הוראותיו ובמועדים שנקבעו בחוק, בידי בית המשפט או בידי האפוטרופוס הכללי לפי העניין.

העתק זה יומצא לאפוטרופוס וכללי עם מינויו.

ניתן ביום _____ 20-02-2008 _____

חתימת השופט/ת

בית המשפט לענייני משפחה בירושלים
אני מאשר
העתקה זה זהה ומתאים למקור
תאריך 22 פברואר _____