UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

SHARON WEINSTOCK, et al.,

                Plaintiffs,

vs.                                    Civ. No. 17-cv-23272-RNS

ISLAMIC REPUBLIC OF IRAN, et al.,

                Defendants.
_____/

**DECLARATION OF JEREMY STERN**

Jeremy Stern, of Beit Shemesh, Israel, declares pursuant to 28 U.S.C. § 1746, as follows:

1.      I am a graduate of Princeton University and of the Law Faculty of the Hebrew University in Jerusalem. I am member of the Israeli Bar and a member of the New York State Bar, and I currently have my own law practice in Jerusalem. I am fluent in English and Hebrew and capable of translating accurately between those languages.

2.      I have no financial or other interest in this litigation.

3.      Counsel for plaintiffs in the above-captioned case have shown me the Certificate of Service issued by the Israeli Administration of Courts pursuant to the Hague Convention (docketed in this case as docket entry 45, p. 2), which indicates that service of process was made upon Hamas pursuant to Article 5(a) of the Convention (i.e., pursuant to Israeli domestic law), by delivery of the papers to a Dr. Mahmud Ramahi, whom counsel have informed me is a Hamas operative. Plaintiffs' counsel have asked me to explain the legal basis under Israeli law for serving Hamas in this manner – *i.e.*, via delivery to a Hamas operative.

1

4. Service of process on defendants in civil actions in Israel is governed by the **Civil Procedure Regulations, 1984-5744** (the "Procedure Regulations"). Regulation 482(a) of the Procedure Regulations provides that when the defendant is located outside of Israel, service of process in a suit relating to the defendant's "business or work" can be made on the defendant by delivering the summons and complaint to (*inter alia*) a "person authorized" to act on behalf of the defendant in the conduct of the defendant's "business or work."

5. The Israeli Supreme Court has held that, "the term 'person authorized' in Regulation 482(a) should not be construed technically as meaning an agent." Rather, the service will be valid if the relationship between the "person authorized" and the defendant is close enough that "it may be assumed that the authorized person will inform the defendant of the proceedings against it." L.C.A. 2652/94 **Tendler v. Le Club Méditerranée (Israel) Ltd**. (Aug. 25, 1994) at Para. 6. The Supreme Court has also held that the term "business or work" in Regulation 482(a) should be interpreted broadly. *Id.* at Para. 8.

6. The application of Regulation 482(a) to service of process on terrorist organizations was analyzed in an opinion issued by the Jerusalem District Court on January 3, 2010, in the consolidated appeals C.A. 3426/09 **Raizel et al. v. Islamic Jihad Organization, et al.** and C.A. 3427/09 **Weinstein et al. v. Palestinian Authority, et al.**. In **Raizel**, the plaintiffs had sued and sought to serve process on the Islamic Jihad terrorist group by delivering the summons and complaint to a veteran Islamic Jihad operative. Similarly, the **Weinstein** plaintiffs sued and sought to serve process on Hamas by delivering the summons and complaint to a senior Hamas member.

7. The Jerusalem District Court found service valid in both **Raizel** and **Weinstein** under Regulation 482(a). Applying the principles established by the Israeli Supreme Court in **Tendler**, the District Court held that the phrase "business or work" in Regulation 482(a) should

2

not be interpreted as limited to conventional, commercial types of "business," but rather can and should be construed broadly (as the Supreme Court directed in **Tendler**) to include a defendant, such as the Islamic Jihad or Hamas, whose chosen "business" is terrorist activities. The District Court further held that service of process on the individual Islamic Jihad and Hamas operatives served by the **Raizel** and **Weinstein** plaintiffs was valid service on the Islamic Jihad and Hamas under Regulation 482(a), because expert opinions submitted by the plaintiffs discussing those operatives' past and current activities in Islamic Jihad and Hamas showed (as per the **Tendler** test) that their respective relationships with the two organizations were close enough so that it could be assumed that they had notified the organizations about the plaintiffs' lawsuits against them.

8. The holding in **Raizel-Weinstein** remains good law. In a decision issued recently, on September 17, 2018, in Civ. 9135/07 **Mashiach et al. v. Palestinian Authority, et al.**, the Jerusalem District Court cited and endorsed the holding in **Raizel-Weinstein** and found that the plaintiffs had properly served Hamas under Regulation 482(a) by delivering the summons and complaint to a senior Hamas operative.

9. In sum, under Israeli law, a plaintiff can serve process on Hamas by delivering the summons and complaint to an operative of Hamas whose relationship with Hamas is sufficiently close that it can be assumed that her or she will inform Hamas of the suit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: January 24, 2019

_____
Jeremy Stern