# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

SHARON WEINSTOCK, et al.,
          Plaintiffs,
vs.                                   Civ. No. 17-cv-23272-RNS

ISLAMIC REPUBLIC OF IRAN, et al.,
          Defendants.
_____/

### [PROPOSED] ORDER PURSUANT TO RULE 54(b)

This cause is before the Court upon Plaintiffs' Motion for Entry of Final Judgment in a Separate Document Pursuant to Fed. R. Civ. P. 58(d) and, if Necessary, for a Determination Pursuant to Fed. R. Civ. P. 54(b) (the "Motion"). For the reasons that follow, it is hereby **ORDERED and ADJUDGED** that this Court **GRANTS** Plaintiffs' Motion.

This action involves two defendants, the Islamic Republic of Iran and Hamas. Both defendants failed to respond to Plaintiffs' Complaint, and the clerk docketed their respective defaults. On April 5, 2019 the Court entered a Final Default Judgment (DE 52) granting Plaintiffs' Motion for Entry of Default Final Judgment (DE 39) as to Defendant, Iran. The Plaintiffs' Motion for Entry of Default Final Judgment as to Defendant Hamas (DE 49) remains pending.

Fed. R. Civ. P. 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties." However, where a court has fully concluded the proceedings against one defendant, Rule 54(b) expressly permits it to "direct entry of final judgment as to one or more but fewer than all … parties … if the court expressly determines that

1

there is no just reason for delay."

Entry of final judgment as to fewer than all defendants under Rule 54(b) requires a two-step analysis. "First, the court must determine that its final judgment is, in fact, both 'final' and a 'judgment." *Lloyd Noland Found., Inc. v. Tenet Health Care Corp*., 483 F.3d 773, 777 (11th Cir. 2007). In other words, the court's decision must be an ultimate disposition of a claim, and it must resolve a cognizable claim for relief. *Id*. The Court's Final Default Judgment against Iran satisfies this requirement.

Second, the court must "determine that there is no 'just reason for delay' in certifying it as final and immediately appealable." *Id*. at 777. The Court finds that there is no just reason to delay the final judgment against Iran. The risk of piecemeal appeals is virtually nonexistent. Both Iran and Hamas have defaulted. Neither has given any indication that it intends to appear, defend, or appeal. "Where the potential for multiple appeals on the same or similar issues does not exist, judicial administrative interests counsel in favor of Rule 54(b) certification." *Kapila v. Grant Thornton, LLP*, 2018 WL 654466, at *2 (S.D. Fla. Jan. 31, 2018). *See also e.g. Fortuin v. GE Commercial Distribution Fin. Corp.*, 2011 WL 13177279, at *3 (S.D. Cal. Apr. 5, 2011) (finding that absence of risk of "piecemeal appeals" was grounds to grant Rule 54(b) relief).

Moreover, the equities of this case strongly favor prompt entry of final judgment against Iran. Entry of a final judgment under Rule 54(b) will enable the Plaintiffs to initiate efforts to enforce their judgment against Iranian assets that they may identify. *Pereira v. Cogan,* 275 B.R. 472, 474 (S.D.N.Y.2002) (interest in prompt enforceable judgment supported entry of separate final judgment). *Ungar v. Palestinian Auth.*, 304 F. Supp. 2d 232, 242 (D.R.I. 2004) (same). Additionally, a final judgment against Iran will enable the Plaintiffs to timely seek compensation from an additional source. Under the 2016 Justice for United States Victims of State Sponsored

Terrorism Act (the "Act"), 34 U.S.C. § 20144, once their judgment against Iran is final, the plaintiffs may seek compensation from the United States Victims of State Sponsored Terrorism Fund (the "USVSST Fund"). *See* http://www.usvsst.com/faq.php (last visited on April 10, 2019). The USVSST Fund pays beneficiaries periodically as determined by a special master. Only victims who hold judgments against state sponsors of terrorism may apply for compensation from the USVSST Fund. And only those who apply before a specified deadline (one that has not yet been set for 2019) are entitled to payments.

Enforcing terrorism judgments is not a simple matter. Indeed, former Chief Judge of the United States District Court for the District of Columbia Royce Lamberth, who has presided over numerous similar actions, described what he saw as terrorism judgment creditors' "long, bitter, and often futile quest for justice." *In re Islamic Republic of Iran Terrorism Litig*, 659 F. Supp. 2d 31, 45-46 (D.D.C. 2009); *cf., Bank Markazi v. Peterson*, 136 S. Ct. 1310, 1317-18 (2016) (acknowledging the "practical and legal difficulties" terrorism victims face at the enforcement stage).

The Court expressly determines that "there is no just reason for delay" in entering final judgment against Iran.

**Done and ordered** in chambers at Miami, Florida, on _____, 2019.

/s/ ROBERT N. SCOLA_____
United States District Judge

3