UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

Sharon Weinstock, et al.,

    Plaintiffs,

v.

Islamic Republic of Iran, et al.,

    Defendants.

Civil Action No. 17-23272-Civ-Scola

## PROTECTIVE AGREEMENT AND ORDER

**IT IS HEREBY STIPULATED AND AGREED** by Plaintiffs Sharon Weinstock, Moshe Weinstock, Geula Weinstock, Aryeh Weinstock, Chaim Weinstock, Estate of Yitzchak Weinstock, Estate of Dov Weinstock, Estate of Rabbi Simon Dolgin, and Estate of Shirley Dolgin (collectively, the "Plaintiffs") and non-party Wells Fargo Bank, N.A. (the "Bank") by and through their respective undersigned counsel, as follows:

1.     This Protective Agreement (the "Agreement") applies to "Confidential Information," as defined below, produced or otherwise disclosed by the Bank to Plaintiffs.

2.     The term "Confidential Information" as used in this Agreement means any record, document, thing or information that is designated or labeled "Confidential" by the Bank. The Bank shall not designate or label any record, document, thing or information as Confidential unless it has a good-faith legal and factual basis to do so.

3.     Confidential Information shall not be used or disclosed for any purpose other than in relation to Plaintiffs' enforcement of judgments in the above captioned action (the

"Action"), including for the purpose of obtaining or discovering documents and information from third parties in order to enforce the judgments.

4. Once Confidential Information is produced, it may be disclosed, summarized or otherwise communicated in whole or in part only in connection with the purposes set forth above in Section 3 and only to the following:

   a. Counsel who represent parties in the Action and in any proceedings incident to efforts to collect on or satisfy the judgments; such counsel's employees, agents, experts and consultants; and potential or anticipated witnesses, and their counsel, in the Action and in any such proceedings;

   b. Any relevant court, court personnel and court reporters; and

   c. Any persons not encompassed within (a)-(b) to whom disclosure is reasonably necessary to effectuate the purposes set forth above in Section 3, provided that a copy of this Protective Agreement and Order be provided to such persons simultaneously with the disclosure of the Confidential Information.

   d. Any person or entity who has previously seen the Confidential Information

5. Plaintiffs shall show the Protective Order to any experts, consultants or third-party witnesses at the time any documents are disclosed, and, without assuming responsibility for any noncompliance, shall advise such experts, consultants or third-party witnesses to comply with the Protective Order.

6. Any Confidential Information filed or otherwise submitted in any court shall be lodged under seal or shall be redacted from any pleadings or other filings or documents not filed under seal. Any person filing, submitting or otherwise using Confidential Information in any court proceeding shall make a reasonable effort to prevent the Confidential Information from becoming part of the public record.

7. The obligations under this Protective Agreement and Order shall survive the termination of the Action and continue to bind Plaintiffs and the Bank and the parties to whom Confidential Information is disclosed.

8. This Protective Agreement and Order is without prejudice to the right of any party hereto to (a) apply to the Court for a further order relating to any Confidential Information, including making a challenge to a designation as Confidential; or (b) apply to the Court for an order permitting disclosure of Confidential Information other than as provided herein.

9. This Protective Agreement and Order may be signed by counsel in counterparts with the same force and effect as if all signatures appear on one document and email or facsimile copies of signatures shall have the same force and effect as original signatures. Upon execution, this Protective Agreement and Order shall have the effect of an agreement and is not conditioned on the Court's eventual so-ordering of this Protective Agreement and Order.

Dated: September 6, 2019

By: _____
Asher Perlin

Asher Perlin, Attorney at Law
4600 Sheridan St, Suite 303
Hollywood, FL 33021
Telephone: 954-284-0900 ext. 102
asher@asherperlin.com

*Counsel for Plaintiffs*

By: _____
Alex C. Lakatos

MAYER BROWN LLP
1999 K Street, NW
Washington, DC 20006
Telephone: 202-263-3312
alakatos@mayerbrown.com

*Counsel for Wells Fargo, N.A.*

SO ORDERED:

_____
ROBERT N. SCOLA, JR, USDJ